1  "Trey" A.R. Dayes III (#020805)
   treyd@phillipslaw.com
2  PHILLIPS LAW GROUP, P.C.
   3101 North Central Avenue, Suite 1500
3  Phoenix, Arizona 85012
   Telephone: (602) 258-8900 x301
4
   Attorney for Plaintiff
5

6                     **UNITED STATES DISTRICT COURT**

7                            **DISTRICT OF ARIZONA**

| | |
|---|---|
| 8  Morica Kraft, a single woman, | Case No.: |
| 9         Plaintiff, | **COMPLAINT** |
| 10 vs. | **JURY DEMAND** |
| 11 Cunningham & Associates, Inc., an Arizona corporation; George Cunningham and Jane Doe Cunningham 1, husband and wife; Bob L. Cunningham and Jane Doe Cunningham 2, husband and wife; Patricia A. Cunningham and John Doe Cunningham, wife and husband, | |
| 15        Defendants. | |

16    Plaintiff Morica Kraft ("Plaintiff"), for her Complaint against Defendants Cunningham

17 & Associates, Inc. ("Cunningham"), George Cunningham, Jane Doe Cunningham 1, Bob L.

18 Cunningham, Jane Doe Cunningham 2, Patricia A. Cunningham and John Doe Cunningham

19 (collectively, "Defendants"), alleges as follows:

20                            **NATURE OF THE CASE**

21    1.   Plaintiff brings this action against Defendants for unlawful failure to pay

22 overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

23 ("FLSA") and the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("Arizona

24 Wage Statute").

25 / / /

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

3. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) because all of the events or omissions giving rise to the claims occurred in this District.

**PARTIES**

5. Plaintiff is an unmarried woman residing in Maricopa County, Arizona.

6. Defendant Cunningham & Associates, Inc. is incorporated in the State of Arizona and has its principal place of business at 6502 North 27th Avenue, Phoenix, AZ 85017.

7. Cunningham operates a commercial and industrial auction and appraisal company, handling bank-owned, foreclosure and bankruptcy assets.[1]

8. Defendant George Cunningham is the President and a Director of Cunningham & Associates, Inc., and, upon information and belief, resides in Maricopa County, Arizona.

9. Defendant Bob L. Cunningham is the Secretary and a Director of Cunningham & Associates, Inc., and, upon information and belief, resides in Maricopa County, Arizona.

10. Defendant Patricia A. Cunningham is the Treasurer and a Director of Cunningham & Associates, Inc., and upon information and belief, resides in Maricopa County, Arizona.

11. As such, Defendants George Cunningham, Bob L. Cunningham and Patricia A.

---

[1] Source: http://www.auctionaz.com/00about_us.htm, accessed on December 13, 2012.

1  Cunningham act in the interest of Defendant Cunningham & Associates, Inc., and are subject
2  to individual liability as employers of Plaintiff.

3      12.    Defendants George Cunningham and Jane Doe Cunningham 1 are husband and
4  wife.  Jane Doe Cunningham 1 is the fictitious name for George Cunningham's wife.  When
5  her true name has been ascertained, this Complaint shall be amended accordingly.  George and
6  Jane Doe Cunningham 1 have caused events to take place giving rise to this Complaint as to
7  which their marital community is fully liable.

8      13.    Defendants Bob L. Cunningham and Jane Doe Cunningham 2 are husband and
9  wife.  Jane Doe Cunningham 2 is the fictitious name for Bob L. Cunningham's wife.  When
10 her true name has been ascertained, this Complaint shall be amended accordingly.  Bob L. and
11 Jane Doe Cunningham 2 have caused events to take place giving rise to this Complaint as to
12 which their marital community is fully liable.

13     14.    Defendants Patricia A. Cunningham and John Doe Cunningham are wife and
14 husband.  John Doe Cunningham is the fictitious name for Patricia A. Cunningham's husband.
15 When his true name has been ascertained, this Complaint shall be amended accordingly.
16 Patricia A. and John Doe Cunningham have caused events to take place giving rise to this
17 Complaint as to which their marital community is fully liable.

18     15.    At all relevant times, Plaintiff was an "employee" of Cunningham, as defined by
19 29 U.S.C. §203(e)(1).

20     16.    The provisions set forth in 29 U.S.C § 206 and § 207, respectively, of the FLSA
21 apply to Cunningham, and Plaintiff was covered by these sections of the FLSA during her
22 employment by Cunningham.

23     17.    At all relevant times, Cunningham was and continues to be an employer as
24 defined in 29 U.S.C. § 203(d).

25     18.    At all times material to this action, Cunningham was and is an enterprise engaged

in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

19.     Upon information and belief, at all relevant times, the annual gross revenue of Cunningham exceeded $500,000.00.

## FACTUAL BACKGROUND

20.     Cunningham hired Plaintiff to work as a non-exempt hourly paid administrative assistant from approximately March 3, 2009 through February 26, 2011.

21.     Plaintiff was paid an hourly wage of $15.00 per hour.

22.     Plaintiff's primary duties were secretarial:  answering phone calls, taking messages, scheduling meetings, clearing and rotating photos, and compiling detailed and accurate descriptions of the assets.

23.     Due to two co-workers leaving the company, and the online auction administrator on vacation, Plaintiff had to assist the warehouse manager, inputting descriptions, lotting, photographing assets, image renaming and reconciling the last three auctions, as well as uploading auctions for online bidding.  The latter were not normal duties of Plaintiff's position, but there was not enough staff to handle the volume of assets obtained by Defendant.

24.     From March 2009 and continuing through February 2011, Defendant failed to properly compensate Plaintiff for any of her overtime hours.  During this time, Plaintiff was regularly scheduled to work 55 hours per week.  Plaintiff also routinely worked additional shifts.

25.     For example, the week of February 26, 2011, Plaintiff worked over 80 hours. She was only compensated for 40.

26.     Cunningham has failed to maintain proper time records as mandated by the FLSA.

27. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in Cunningham's possession and custody.

28. Cunningham's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FSLA was willful.

29. Cunningham refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

30. Plaintiff has retained the law firm of Phillips Law Group, P.C., to represent her in this litigation and has agreed to pay a reasonable fee for the services rendered in the prosecution of this action on her behalf.

**COUNT ONE**
**(Failure to Pay Overtime Wages - FLSA - 29 U.S.C. § 207)**

31. Plaintiff incorporates and adopts paragraphs 1 through 30 above as if fully set forth herein.

32. Plaintiff was a non-exempt employee entitled to statutorily mandated overtime pay.

33. Plaintiff was not a manager.

34. Plaintiff did not exercise discretion and independent judgment with respect to matters of significance.

35. Cunningham was an employer as defined in the FLSA.

36. Cunningham failed to comply with 29 U.S.C. § 207, because Plaintiff worked in excess of forty hours per week, but Cunningham failed to pay Plaintiff for those excess hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

37. Cunningham's violation of the FLSA overtime provision was willful, as

1 Cunningham knew of the FLSA and chose to violate it.

2     38.    As a result of Cunningham's violations of the FLSA, Plaintiff has suffered
3 damages by failing to receive compensation in accordance with § 207 of the FLSA.

4     39.    Cunningham has not made a good faith effort to comply with the FLSA.

5     40.    In addition to the amount of unpaid overtime wages owed to Plaintiff, she is also
6 entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. §
7 216(b).

8     41.    Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. §
9 216(b).

10     WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor
11 against Defendants:

12     a.  Awarding Plaintiff overtime compensation in the amount due to her for all of
13         Plaintiff's time worked in excess of forty (40) hours per work week at an
14         amount equal to 1 ½ times Plaintiff's regular rate while at work at Defendant
15         Cunningham and Associates.

16     b.  Awarding Plaintiff liquidated damages in an amount equal to the overtime
17         award;

18     c.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the
19         litigation pursuant to 29 U.S.C. § 216(b);

20     d.  For Plaintiff's costs incurred in this action.

21     e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all
22         amounts set forth in subsections a and b above from the date of the payment
23         due for that pay period until paid in full.

24     f.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all
25         awards from the date of such award until paid in full.

      g. Ordering any other and further relief as the Court deems just and proper.

## COUNT TWO
### (Failure to Pay Timely Wages Due - Arizona Wage Statute)

42. Plaintiff incorporates and adopts paragraphs 1 through 41 above as if fully set forth herein.

43. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

44. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiff.

45. Defendants failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

46. Defendants have willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendants' unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

      a. Awarding Plaintiff overtime compensation in the amount due to her for all of Plaintiff's time worked in excess of forty (40) hours per work week at an amount equal to 1 ½ times Plaintiff's regular rate while at work at Defendant Cunningham and Associates.

      b. Awarding Plaintiff treble the amount calculated pursuant to A.R.S. §23-355.

      c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to A.R.S. §12-341.01.

      d. For Plaintiff's costs incurred in this action.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

   e. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections a and b above from the date of the payment due for that pay period until paid in full.

   f. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full.

   g. Ordering any other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated:  December 13, 2012   Respectfully submitted,

             PHILLIPS LAW GROUP, P.C.

             By  /s/"Trey" A.R. Dayes III
               "Trey" A.R. Dayes III
               Arizona Bar No. 020805
               Email: treyd@phillipslaw.com

             Attorney for Plaintiff